Judge Lane
delivered the opinion of the court:
The pursuit of the plaintiff’s rights in equity is admissible, as well because he seeks to subject to the payment of debts, the estate of a deceased obligor, as because that debtor hald only an equitable title to land, which can not be brought to a suit sale except under a decree. 6 Ohio, 233.
The liability of Amasa Clapp’s estate must be shown by satisfactory proof. The record from Massachusetts is prima facie evidence that the bond was made by Thomas and Charles Kidd, and that its condition was broken by Thomas Kidd, by which the plaintiff was damnified, to the extent of the judgment. 3 Ohio, 487, 225 ; 2 Ib. 355; 4 Ib. 104. The admissions of Seely, the administrator, are prima facie evidence of the liability of the estate of A. Clapp; he is a necessary party to such a suit, 5 Ohio 555, for *the purpose of admitting or contesting the debt, and representing the interests of the estate. His acts are not conclusive; but creditors are not required to go behind them, unless fraud or mistake is shown them.
The point most strenuously insisted upon is, that the judgment in Massachusetts, in 1815, forms a bar to all further proceedings. This defense does not consist in the statute of limitations, as applicable to this action ; nor in the antiquity of the claim, which under some circumstances furnishes evidence of payment; but in the position that a judgment has been rendered, upon the merits in a suit between these parties, which concludes their rights. Whether a judgment on a plea of the statute of limitations is a judgment on the merits, and binding on the parties, beyond the territorial operation of the statute, is a'qu6Stion which is not discussed, nor will it be now decided; it is intended at present, to give to the judgment the same effect it would produce in Massachusetts. Adverting to the statutes of that state, as furnishing the law of the case, we find administrators well protected from suits, on claims not presented within four years, except upon one contingency, viz., the discovery of other property, which had not then happened. The statute of limitations being a complete bar, *257 not to the right, but to the remedy, in the state of things then existing, judgment was rightly given for the defendants. But had un ad ministered property been afterward found in Massachusetts, new relations would have intervened between the parties, under the exception, removing the restriction and conferring, as it were, a new right of action. The record shows, that by the adjudication of that tribunal, no right of action then subsisted; whether the right has been restored, by the occurrence of other facts since that judgment, is a question which has never been submitted to a court. We think, then, that this former judgment would have been no bar to this claim, in the State of Massachusetts, if the property not administered upon had been found there, and it will possess no higher force in our tribunals.
The defendant, Cole, insists that the land yet remaining in the hands of the heirs shall be first held for this debt. The right is well established, in a proper case. 6 Ohio, 238. But this privilege of marshaling descended lands is a distinct and affirmative claim, to be brought forward by the defendant, and plainly established by proof. This point is not made in the answer, but is suggested in argument only. Although other lands are referred to in *the bill, it nowhere appears what lands, of what value, or whether unsold. It would be hardly proper to postpone the plaintiff further, unless the right to impose the burden elsewhere were more clearly shown.
The defendants, Cole and Fields, claim to be purchasers, for a valuable consideration, without notice. Without adverting to the very guarded terms, in which notice is denied, or the want of averment of the payment of the full consideration, and without examining the proof, which seems to show express notice, it appears to us that the terms of the deed, from Lord, to the administrators, through which they must trace their title, are enough to charge them. 4 Ohio, 458.
Decree for plaintiff.