Puck, C.J.
The refusal to charge as requested and the charge delivered to the jury, preseñt a question of much difficulty and importance arising under sections 90 and 98, of the “ act to provide for the settlement of the estates of deceased persons,” passed March 23,1840. 1 S. & C. 566.
Section 98 provides, in substance, that no suit shall be instituted against the executor or administrator of an estate not declared insolvent, until after the expiration of eighteen months from the date of the administration bond, unless the claim has been exhibited to and disputed or rejected by such executor or administrator.
Section 90 requires a creditor whose claim has been thus exhibited to and disputed or rejected by the executor or administrator, to commence suit thereon against such personal representative within six months after such dispute or rejection, if the claim is due, or be forever barred fr"m maintaining any such suit thereafter.
The obvious policy of these sections, aided by other portions *124 of the statute, is, to secure the speedy settlement of such estates, and at the same time to prevent a wasting of the assets by the payment of unnecessary costs.
The defendants, executors of Samuel Taggart, one of thfc makers of the note in suit, were sued jointly with the other makers, but, severing in their defense, set up by way of bar to the action against them, under section 90 above referred to, that said note was exhibited to them as such executors by the plaintiffs, for allowance as a valid claim against the estate, which had not been represented as insolvent, and that the defendants upon such exhibition by the plaintiffs, more than six months prior to the commencement of the present suit, disputed and rejected said claim, and refused to allow it as a valid claim against the estate and have ever since continued so to dispute and reject the same.
The bill of exceptions taken upon the trial in the district court, excluding the commencement and conclusion reads as follows: ’
“Evidence having been given tending to show that the plaintiffs on the 18th day of April A. D. 1856, exhibited the note on which this action is founded, to the executors of Samuel Taggart, deceased, and requested them to allow it as a valid claim against said estate, which said executors distinctly refused and told the plaintiffs to consider the same as rejected; but no other evidence was introduced tending to prove, that, at the time the note was so exhibited by the plaintiffs to the executors, they demanded of said executors that they should indorse thereon their allowance of the same as a valid claim against the estate of Samuel Taggart, deceased,' whereupon the plaintiffs’ attorneys requested the court to charge the jury: ’
“ * That, in order to make the transaction a presentment of the note for allowance or rejection, the plaintiffs must, at the time, have requested the executors, to indorse thereon their allowance of the claim, and the executors must have refused to so indorse their allowance, to make it a rejection of the claim under the statute, so as to allow the six months’ limitation to commence running.’ Which instructions the court refused to give, but did charge the jury, among other things:
*125 “ That if they found from the evidence, that the plaintiffs exhibited said note to said executors, for the purpose distinctly of having the same allowed and accepted as a valid claim against the estate, and that the executors thereupon distinctly refused to allow or accept the same as a valid claim against said estate, and told said plaintiffs that they, said plaintiffs, should consider the same rejected, it was a sufficient rejection of the claim under the statute, so as to lay a foundation for the application of the limitation of six months prescribed by the statute; and that for the plaintiffs to go further, and formally demand the indorsement of an allowance of the claim after this, would be in law a work of supererogation,” etc.
The charge refused and that given to the jury are based upon section 90 above referred to, and the correctness of the one or the other, must depend upon the construction to be given to that section which reads as follows:
“ Sec. 90. If a claim against the estate of any deceased person, be exhibited to the executor or administrator, before the estate is represented insolvent, and be disputed or rejected by him, and the same shall not' have been referred, the claimant shall, within six months after such dispute or rejection, if the debt, or .any part thereof, be then due, commence a suit for the recovery thereof, or be forever barred from maintaining any action thereon; and no action shall be maintained thereon after the said period, by any other person deriving title thereto from such claimant; and any executor or administrator may, on the trial of any action founded upon such demand, give in evidence,- in bar thereof, under a notice annexed to the general issue, the facts of such refusal and neglect to commence a suit. A claim shall be deemed disputed or rejected, if the executor or administrator shall, on presentation of the vouchers thereof, refuse, on demand made for that purpose, to indorse thereon his allowance of the same as a valid claim against the estate.”
The charge asked by the plaintiffs, is based upon the last clause of the section, and assumes, that the peculiar office of that clause is to define the meaning of the words “ disputed or rejected,” as used in the first; while the instruction given is *126 founded upon the first clause, and proceeds upon the assumption, that the last is an enlargement rather than a restriction of the first, enabling the holder of a claim to compel a decision from a reluctant or equivocating executor.
The question is not free from difficulty; but we think it can be satisfactorily settled, by a recurrence to the general policy of the statute, and a more critical analysis .of the section itself. The general policy of the statute is, undoubtedly, to effect a speedy settlement of the estates of deceased persons, at the least possible expense. This obvious policy would be in part defeated if, as is contended, the holder of a doubtful • claim can not be compelled to sue and test its legal validity, until he formally demands a written indorsement of allowance. The real or pretended creditor may talk freely with the executor, show him his claims, demand payment, and indeed so fix the executor with notice, that any subsequent voluntary payments to others would be at his peril; and if he only abstains from demanding an indorsement of allowance, he may delay until the last hour, and then, when all else is ready for final distribution, he may institute legal proceedings and delay it indefinitely. A construction which carries with it such consequences, illy accords with the obvious policy of the statute. The object of the first clause was clearly to benefit the estate and hasten a final distribution of its assets, and it seems to us that it fully protects the estate, and also its personal representative.
If the executor or administrator is not satisfied of the justness of the claim, he may, under section-85, require all vouchers, and an affidavit that it is just, and not subject to any offsets; and if he still doubts, but does not desire to invite a suit, he mav abstain from an allowance or rejection, and thus leave it rbr the creditor, if he desire it, to demand definitive action under the last clause of the section.
The estate is also reasonably protected against a hasty or ill advised allowance. It is not conclusive when made, but only prima facie evidence of the estate’s liability. Mattoon v. Clapp’s Heirs, 8 Ohio Rep. 248.
The phraseology of the last clause, rvhen contrasted with *127 the other sections, seems to indicate that its principal object is, to compel a doubting or distrustful executor or administrator, to allow the claim or to submit to an action for its enforcement. The creditor is not, in the first instance, required to produce vouchers under section 85, but only in case they are required by the executor, and the first clause of section 90 is also silent in this respect, leaving it entirely to the judgment and discretion of the executor, etc.; but when the creditor seeks to compel action, under the last clause, he must accompany the demand with suitable vouchers, to support his claim; thereby placing the executor, etc., clearly in the wrong if the vouchers are reliable, and he should refuse to allow the claim.
Again, the first clause of the section bases the right to sue_. simply upon a dispute or rejection by the personal representative, manifested in any satisfactory mode, and makes no allusion to a refusal to indorse his allowance, which, after all, is only a constructive rejection. If the last clause had been intended to limit that right to those cases only in which there had been a refusal to indorse, it would hardly have been left to mere inference, when the interpolation of a word or two would have made the legislative intent incontrovertible — as for instance the words “ only where,” following the word “rejected,” so that it would read, “ only where the executor, etc., shall refuse to indorse,” etc. — or it might have been remedied in the first clause, by annexing to the word “rejected” the words “ by refusing to indorse his allowance thereon:”
A mere refusal to indorse an allowance is not, necessarily, .a dispute or rejection of the claim, and without such legislative provision, would hardly have come within the purview of the first clause, and hence the propriety of the words “ shall he deemed,” i. e. shall be considered a rejection.
These considerations also indicate, we think, that the last clause was intended as an enlargement and not a restriction of the first.
The provision is a beneficial one, and should be fairly construed. Its object is fully attained when the creditor is advised by the executor that his claim is rejected, and the policy *128 of the statute then requires him to institute proceedings without delay. If such rejection is distinctly declared, and the creditor told so to regard it, no beneficial purpose can be attained by requiring a written indprsement of an allowance, which he is already advised the executor will not make. The proof of rejection must, necessarily, still rest in parol, unless the executor should perform an act which the statute no where enjoins, by indorsing his rejection upon the claim. We think, with the judge who delivered the charge, that such demand, under such circumstances, would be a work of supererogation. Idle in its purpose and fruitless in its results.
We feel irresistibly drawn to the conclusion, that a distinct refusal and rejection by an executor of a claim exhibited to him for allowance, under the circumstances stated in the charge, is within the purview of section 90, though there may not have been an express demand for an indorsement of allowance. It was an exhibition of the claim to the executor, for the distinct purpose of having it allowed under the statute as a valid claim against the estate. It was, therefore, substantially n requirement upon the executors, to make a statutory allowance - Greater strictness would not only lead to abuses of the pro vision, but would also be subversive of the obvious policy of the law itself.
The case of Keenan v. Saxton’s admr. (13 Ohio Rep. 40), does not conflict with the views we have expressed. The report is brief and unsatisfactory. It was a suit against an administrator, commenced within eighteen months from the date of the administration bond, and was held barred under section 98, there having been no direct refusal to pay nor demand to indorse an allowance upon the claim. There had been an interview between plaintiff and the administrator, in which the books had been compared, and slight disagreements discovered. The plaintiff’s account had not been verified, and the administrator claimed that the balance, when ascertained, Avas to be paid in Avheat. There was no direct refusal to allow the account, but a mere examination to ascertain how it stood, and a claim interposed to pay the amount when ascertained, in wheat. Under such circumstances, the judge very properly remarked * *129 “We think there should have been proof of a request to indorse an allowance of the claim, and a refusal to do so.”' Here, nothing definite seems to have occurred, and it differs widely from a direct refusal to allow the claim, and a direction to the creditor to consider it rejected. It was a case in which the administrator evaded the requirement ff the creditor, and should have been required to define his j flsition in regard to-the claim.
Judgment affirmed.
G-holson, Brinkerhoee, Scott and Ranney, JJ., concurred*